# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10536
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 6, 2014

Lyle W. Cayce
Clerk

SAMUEL TODD RUSSELL,

Plaintiff-Appellant

v.

CITY OF DALLAS; DALLAS COUNTY TEXAS; 191ST DISTRICT COURT, DALLAS COUNTY, TEXAS,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CV-5176

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Samuel Todd Russell appeals the dismissal with prejudice of his civil suit, which challenged on various grounds an order of demolition against real property that he owned. The district court found that it lacked subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine[1]

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The *Rooker–Feldman* doctrine refers to the doctrine derived from two Supreme Court cases, *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

No. 13-10536

because Russell's causes of action effectively asked the district court to review the validity of a state-court order of demolition.

On appeal, Russell does not address the propriety of the district court's finding that his claims were barred under the *Rooker-Feldman* doctrine, and he does not otherwise present any argument regarding the district court's conclusion that it lacked subject matter jurisdiction.  Instead, he alleges causes of action contesting the state court proceedings that resulted in the demolition order.  When an appellant, like Russell, fails to identify any error in the district court's analysis, it is the same as if he did not appeal that issue.  *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Because Russell has not raised any arguments challenging the district court's determination that it lacked subject matter jurisdiction, any such argument is abandoned.  *See id.*  In any event, as Russell's claims arise from the state court proceedings and are "inextricably intertwined" with the state court's order of demolition, the district court lacked subject matter jurisdiction to review his claims under the *Rooker-Feldman* doctrine.  *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005); *Davis v. Bayless*, 70 F.3d 367, 375 (5th Cir. 1995).

The judgment of the district court is AFFIRMED.